**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GREGORIO ULISES SANTOS TEJADA,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**LUIS SOTO, *et al.*,**<br><br>**Respondents.** | **Case No. 26–cv–12256–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Gregorio Ulises Santos Tejada's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.)

1. Petitioner is a citizen of El Salvador. (*Id.* p. 1.)

2. On September 15, 2005, petitioner was ordered removed *in absentia*. (ECF No. 5-2 p. 2.)

3. Immigration and Customs Enforcement (ICE) detained petitioner on September 8, 2026. (ECF No. 1 ¶ 21.)

4. This Petition followed on September 16, 2026. (ECF No. 1.)

5. Respondents filed an answer on September 21, 2026 arguing that petitioner is properly detained pursuant to 8 U.S.C. § 1231(a) because he is subject to a final order of removal. (ECF No. 5 p. 1.)

6. Under 28 U.S.C. §2241(c), habeas relief may be extended to a prisoner only when she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

7. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670,

672 (2025) (per curiam) (noting jurisdiction for “core habeas petitions” lies in the district of confinement).

8. Petitioner states that he intends to file a motion to reopen her removal proceedings. (ECF No. 1 ¶ 3.) A noncitizen “who has filed a motion to reopen immigration proceedings for consideration of relief from removal ... shall remain subject to the provisions of [this regulation interpreting § 1231] unless the motion to reopen is granted.” 8 C.F.R. § 241.4(b)(1). Since there is no indication that the motion to reopen has been filed or granted, petitioner’s detention is governed by § 1231.

9. Section 1231 states in relevant part that after a noncitizen “is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the ‘removal period’).” 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) (“While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody.” (internal citation omitted)).

10. “The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court’s final order. (iii) If the [noncitizen]is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement.” 8 U.S.C. § 1231(a)(1)(B).

11. Petitioner’s removal order became administratively final on October 17, 2005. The removal period expired 90 days later on January 15, 2006. Accordingly, petitioner’s detention is no longer mandatory pursuant to § 1231.

12. After the mandatory detention period, § 1231 authorizes detention of a noncitizen subject to a final order of removal “for a period *reasonably necessary* to secure the [noncitizen’s] removal.” *Zadvydas*, 533 U.S. at 682 (emphasis in original). The presumptively permissible timeframe for post-removal-period detention is six months, and “[d]ue process rights may be implicated where ... there is no significant likelihood of removal in the reasonably foreseeable future.” *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas*, 533 U.S. at 701).

13. “Although the Supreme Court established a six-month period of presumptively reasonable detention, it did not preclude a detainee from challenging the reasonableness of his detention before such time.” *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395 (D.N.J. 2025); *see also Ali v. Dep’t of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) (“This six-month

presumption is not a bright line, ... and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The six-month *Zadvydas* presumption is just that—a presumption ... not a prohibition on claims challenging detention less than six months." (internal quotation marks omitted)); *Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wisc. 2008) ("The *Zadvydas* Court did not say that the presumption is irrebuttable, and there is nothing inherent in the operation of the presumption itself that requires it to be irrebuttable.")

14. "[I]f a detainee provides 'good *reason* to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the government must respond with *evidence* sufficient to rebut that showing." *Munoz-Saucedo*, 789 F. Supp. 3d at 395 (emphasis in original) (quoting *Zadvydas*, 533 U.S. at 701).

15. Petitioner states that it is his intention to file a motion to reopen his removal proceedings, but he has not asserted that the motion was filed. (ECF No. 1 ¶ 3).

16. I conclude that petitioner has not provided good reason to believe that his removal is not reasonably foreseeable, and "therefore cannot show that his continued detention under § 1231(a) is unlawful." *Calle Guaman v. Soto, et al.*, No. 26-cv-1783, 2026 WL 811353, at *2 (D.N.J. Mar. 24, 2026).[1]

Accordingly,

**IT IS** on this **28th** day of **September 2026** **ORDERED** that:

1. Petitioner's § 2241 Petition is **DENIED WITHOUT PREJUDICE**.

2. The motion for a temporary restraining order at ECF No. 2 is **DISMISSED**.

3. Any restrictions imposed by this Court on petitioner's location are **LIFTED**.

[1] I note that my decision is limited to the facts alleged in the Petition and that I express no opinion as to whether petitioner may be able to make out a prolonged detention claim or other challenge to his detention in the future.

4. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*

**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**